SIMONDS, Respondent, v. OLIVER, Appellant.

1. It is not erroneous for the courts of this state to refuse, when called upon generally to do so, to draft and give instructions to juries; they may confine their action in this particular to the giving or refusing of instructions specifically asked by the respective parties.

*Appeal from St. Louis Law Commissioner's Court.*

This was an action originally commenced before a justice of the peace, to recover twenty dollars, alleged to have been overpaid by plaintiff in making change. Plaintiff obtained judgment before the justice, and the cause was appealed to the law commissioner's court.

Upon the trial before the law commissioner's court, the plaintiff introduced testimony tending to prove that defendant (Oliver) purchased of plaintiff a lamp at the price of three dollars; that in payment thereof he offered plaintiff a twenty dollar gold piece; that plaintiff, not having the specie to give in change, defendant then offered him a twenty dollar bill; that plaintiff gave back to defendant the twenty dollar bill, and seventeen dollars in change. There was no evidence tending to prove that the twenty dollar gold piece ever came to the pos-

session of plaintiff.  Defendant, whose admissions constituted the only testimony introduced, declared that he had left the gold piece upon the counter of plaintiff.

The defendant asked the following instructions: " 1. If the jury believe from the evidence, that the plaintiff has failed to prove that there was an actual carrying away of the twenty dollar gold piece in question, then the jury will find for the defendant.  2. If the jury believe from the evidence, that the plaintiff has failed to prove an actual *deficit* on his part, then the jury will find for the defendant."

The court refused to give the instructions asked.  Defendant excepted, and further asked the court to instruct the jury in some manner, without specifying any particular instruction to be given.  The court failed to do so, and the cause was submitted to the jury entirely without instructions.  The jury found for plaintiff, and judgment was accordingly given for him.  Defendant appealed to this court.

*Garesché* and *Farish*, for appellant, cited 3 Mo. 14 ; 19 Mo. 102 ; 1 Mo. 473.

*A. M. Gardner*, for respondent.

LEONARD, Judge, delivered the opinion of the court.

There is no error in the record, and it is difficult to imagine why the case was brought here.  The controversy turned exclusively upon a single question of fact, and this was submitted to the jury who fairly passed upon it, after hearing all the evidence tendered by either party.

The specific instructions asked by the defendant were improper, and rightly refused.  The English custom of summing up the evidence, and charging the jury as to the whole law of the case, does not prevail in this state ; and, we believe, never has prevailed here.  In our practice, each party asks specific instructions upon such points as he may deem material, and the courts generally submit the case to the jury upon these instructions, unless they think proper to give others of their own sug-

gestion, as a substitute, or in addition. However desirable it undoubtedly is that the courts, whose duty it is to see that justice is administered according to law, should take upon themselves the active duty of seeing that the jury are properly instructed upon the law which they must apply to the facts in making up their verdict, they have never been considered bound to charge otherwise than as specifically asked, and, accordingly, the refusal to do so has never been treated here as an error for which the judgment could be reversed.

Let the judgment be affirmed.